UNITED STATES of America, Plaintiff,

v.

Terrence A. HUGHES, Jr., Defendant.

No. CR–1–87–31.

United States District Court,
S.D. Ohio, W.D.

Dec. 30, 1987.

Kathleen M. Brinkman, Cincinnati, Ohio, for plaintiff.

Peter W. Swenty, Cincinnati, Ohio, for defendant.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon defendant's Motion to Set Aside Plea of Guilty and to Vacate Sentence (doc. no. 25) and the Government's Response thereto (doc. no. 26). Defendant moves the Court for an Order to set aside his plea of guilty to Count 4 of the Indictment accepted by this Court on May 27, 1987 and to vacate the sentence of eight years of incarceration imposed on October 28, 1987. Defendant alleges that his plea of guilty was made without a true understanding of the consequences thereof, that his attorney did not furnish him effective representation, and that the Government failed to keep a plea bargain agreement.

Defendant's first allegation, that his plea was made without a true understanding of the consequences of his plea, is based on his contention that he was under the influence of cocaine and alcohol at the time of his change of plea. This Court, however, inquired into the voluntariness of the plea, as is its habit, specifically questioning the defendant about any use of drugs or consumption of alcohol at that time and personally observed the defendant. The Court assured itself that the defendant was aware of the possible sentence he subjected himself to by pleading guilty. Defendant's affidavit reveals that defendant knew about the mandatory five years minimum sentence prior to his appearance.

Subsequent to the hearing on May 27, 1987, the defendant came before this Court on two more occasions but did not bring any of these concerns to the Court's attention, despite the fact that final sentencing occurred after the defendant had spent several months in a hospital and was free from the influence of drugs and alcohol.

With regard to his claim of ineffective assistance of counsel, the defendant fails to allege that counsel had prejudiced the defense of his case. Far from prejudicing defendant, counsel's efforts succeeded in reducing the sentence this Court was inclined to impose based on defendant's culpability. This Court views the present Motion merely as the second-guessing inevitable after a defendant is actually sentenced and faces the grim reality of serving that sentence.

As to defendant's third allegation, that the Government failed to abide by its plea agreement, the defendant signed the plea agreement, acknowledged his signature in open court and, in response to questioning by this Court, swore that no other agreements formed a basis for the plea of guilty.

"Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison,* 431 U.S. 63 at 74, 97 S.Ct. 1621 at 1629, 52 L.Ed.2d 136 (1976). The affidavits attached to the present motion fail to do more than present allegations and are both riddled with allusions to both the defendant's and his wife's serious concerns about his concept of what was going on around him. The Court is asked to rely on those perceptions when all other credible evidence leads to a contrary conclusion. This Court had the advantage of viewing defendant more than usual during the prolonged procedure leading to his final sentencing and finds the present allegations totally incredible.

In conclusion, the record of the case, including the pre-sentence report, conclusively show that the petitioner is entitled to no relief. Therefore, the Motion and the request for an evidentiary hearing are hereby DENIED.

IT IS SO ORDERED.